TH

**FILED**

JUL - 8 2019 WO

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    No. 04-CR-156-1

GUSTAVO CAMPOS,

    Defendant.

MOTION TO RECONSIDER THE DENIAL OF

18 U.S.C. 3582(c)(2) RELIEF

In the court's denial of the § 3582(c)(2) motion, (second in time), the court cited to United States v. Redd, 630 F.3d 649 (7th Cir. 2011); and United States v. Beard, 745 F.3d 288, 292 (7th Cir. 2014). In Redd, the defendant had already received one sentence .... reduction and was seeking a second. In Beard, he was seeking second § 3582(c)(2) relief based on the FSA, which was not made retroactive at the time of the - motion.

-1-

The question in those cases was whether the court could grant more than one sentence modification based on only one amendment to the Guidelines. That is not the question at issue in Petitioner Campo's case. The Ninth Circuit in United States v. Trujillo, under .. circumstances similar to those at issue here, consid ered and rejected the rulings by some circuits that district courts lack the authority to consider subse quent § 3582(c)(2) motions. 713 F.3d 1003 (9th Cir. 2013). The Trujillo court held that § 3582 contains no jurisdictional bar preventing the district court from entertaining a **second** motion, and that the ... district court erred in failing to address § 3553(a) factors. Section § 3582(c)(2), unlike the federal - habeas statute, contains no bar on successive motions. The Supreme Court has instructed courts to construe statutory limitations as non-jurisdictional in the absence of clear direction from Congress: "If the Legislature clearly states that the threshold limi tation on a statutes scope shall count as jurisdicti onal, then courts and litigants will be duly ....... instructed But when Congress does not rank a statutory limitation on coverage as jurisdictional, court's ..

should treat the restrilltion as nonjurisdictional
in character." Arbaugh v. Y & H Corp., 546 U.S. 500, ..
515-16, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). Now,
given Congresse's silence, this Court like the Third and
Ninth Circuits, should find no compelling argument to
superimpose a jurisdictional bar.

THE COURT SHOULD RECONSIDER PETITIONER'S ARGUMENT
ON HIS ELIGIBILITY - UNDER § 3582(c)(2)

Petitioner was not attempting to re-litigate an
issue previously raised, rather this court merely ..
glossed over his argument concluding "Judge Darrah -
detrmined that the conspiracy involved powder cocaine
in an amount in excess of 1,000 kilograms," but did
not make any individual findings on the record. This
is the core of Petitioner's argument. It may be that
a district court determines that its drug quantity -
finding at the original sentence hearing went no ...
further than "at least 1.5 kilograms." That finding
is not specific enough to support any conclusion ...
about whether Amendment 782 lowered Petitioner's base
offense level. See e.g., United States v. Moore, 582
F.3d 641, 646 (6th Cir. 2009)(holding that where
the original drug quantity determination is not ...

-3-

specific enough for the district court to determine whether it has the authority to reduce a defendant's - sentence under § 3582(c)(2), that court may make **new** .. findings of fact that are supported by the record and are not inconsistent with the findings made in the ori ginal sentencing proceeding); United States v. Hall, 600 F.3d 872, 876 (7th Cir. 2010)(same); United States v. Anderson, 707 F.3d 973, 974-75 (8th Cir. 2013)(same); United States v. Hamilton, 715 F.3d 328, 340 (11th 2013) (The district court may receive additional briefing but should not consider any new evidence). Here, as the court noted in its denial, Judge Darrah made a finding as to the entire conspiracy, essentially relying on Pinkerton for sentencing purposes, which was wrong. Judge Darrah went no further with regard to the 1,000 kilograms ... because it was not necessary at the time of sentencing, and never made any individual findings on the record.

WHEREFORE Petitioner moves this Honorable Court to reconsider its denial of his second § 3582(c)(2).

July 1, 2019

GUSTAVO CAMPOS #21473-424

-4-

GUSTAVO CAMPOS #21473-424

FEDERAL CORRECTIONAL INSTITUTION

PO. BOX. 1032

COLEMAN, FLORIDA 33521 - 1032

2019 JUL -8 AM 8:01

07/08/2019-65

UNITED STATES DISTRICT COURT

219 SOUTH DEARBORN STREET

CHICAGO, IL 60604

60604-180099