**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | No. 04 CR 156-1 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Gustavo Campos | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Gustavo Campos moves for a discretionary sentencing reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant's motion is granted.

**Background**

From 2001 to 2004, Defendant Gustavo Campos served as the head of a drug trafficking organization that shipped cocaine and marijuana from Mexico to Texas to Illinois. R. 574 at 5. In 2004, the Government charged Campos and nine co-defendants with conspiracy to distribute narcotics. R. 147-2. Campos was not charged with committing any violent crimes. *Id.* While Campos managed the operation in Chicago, co-defendant Felix Herrera coordinated the shipments from Mexico to Texas. *Id.* at 1–3. Campos and co-defendant Joseph Bleka were convicted at a jury trial. R. 300. Following the verdict, Campos received a life sentence (R. 425) and Bleka received 51 months (R. 381). The indictment was dismissed as to co-defendant Rolando Villasenor (R. 558), and the other co-defendants pled guilty and were sentenced as follows: Herrera received 262 months, which was later reduced to 210 months based on a retroactive amendment to the Sentencing Guidelines (R. 510); Miguel Lopez received 126 months (R. 399); Martin Vasquez received 117 months (R. 427); Maximino Campos received 96 months (R. 257); Joseph Deaton received 90 months (R. 343); Reynaldo Hernandez received 46 months (R. 236); and Oscar Menjivar received 46 months (R. 240).

**Legal Standard**

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant the reduction" and when "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The relevant policy statement lists "extraordinary and compelling reasons" as follows: (1) certain medical circumstances of the defendant; (2) certain circumstances regarding the defendant's age; (3) certain family circumstances of the defendant; (4) if the defendant was a victim of abuse while in custody; (5) a catch-all provision authorizing courts to consider "Other Reasons," including "any other circumstance or combination of circumstances" that warrant a sentence reduction; and (6) for a defendant who received an unusually long sentence, if there was a non-retroactive change in the law that creates a disparity between the sentence being served and the sentence likely to be have been imposed at the time the motion is filed. U.S.S.G. § 1B1.13(b). Upon finding that such an extraordinary and compelling reason exists, a court then considers "any applicable sentencing factors in [18 U.S.C.] § 3553(a) as part of determining what sentencing reduction to award the prisoner." *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

**Discussion**

I.      **Extraordinary and Compelling**

Here, Campos seeks relief exclusively under the catch-all provision of § 1B1.13(b)(5). This catch-all provision confers "broad discretion . . . on district courts to consider a wide array of extraordinary and compelling justifications for release." *United States v. Smith*, 2024 WL 733221, at *2 (D. Md. Feb. 21, 2024). The Court finds that Campos has shown extraordinary and compelling reasons under the catch-all provision as follows.

2

First, Campos's life sentence is "excessive and disproportionate" for a non-violent drug offense. *See Smith*, 2024 WL 733221, at *2 (finding that a 25-year sentence for a non-violent drug offense was "excessive and disproportionate," thus warranting a reduction under the catch-all provision); *United States v. Brown*, 715 F. Supp. 3d 1034, 1044 (S.D. Ohio 2024) (finding that a 119-year sentence for robbery in which no one was physically harmed was "draconian and oppressive," thus warranting a reduction under the catch-all provision). The Court is mindful of the scale of Campos's drug operation and there is no question that Campos's actions caused harm, thus warranting a serious sentence. But the lack of violence committed by Campos makes his actions fundamentally different from those who do participate in violence. And here, a life sentence is not appropriately reflective of the relative harms. *See* U.S. Sentencing Commission, Statistical Information Packet, Fiscal Year 2024: Seventh Circuit, Table 7 (listing average sentence lengths in the Seventh Circuit for assault (145 months), drug trafficking (97 months), kidnapping (191 months), murder (252 months) and sexual abuse (230 months)). Campos was first taken into custody in February 2004, *see* R. 7, and as of April 2026, he has served 266 months—more than a year longer than the average sentence in the Seventh Circuit for murder.

Second, Campos's life sentence is disproportionate when compared to his co-defendants. *See Smith*, 2024 WL 733221, at *3 (citations omitted) (stating that "a disparity between the sentences of co-defendants can constitute an extraordinary and compelling circumstance that justifies a sentence reduction" under the catch-all provision); *United States v. Martinez*, 2024 WL 3966291, at *7 (E.D.N.Y. Aug. 28, 2024) (explaining that "[c]ourts have found that a gross disparity between sentences of co-defendants stemming from their choice to exercise or forgo their constitutional right to a trial is an extraordinary and compelling factor"). Because Campos chose to go to trial while the majority of his co-defendants pled guilty, and because Campos was in

charge of the drug trafficking organization, it is warranted that Campos would have the highest sentence of the co-defendants in this case. That said, Campos's sentence is significantly longer, more than double every co-defendant except for Herrera. Herrara, effectively second in command to Campos, managed the shipment of drugs from Mexico to Texas while Campos managed the shipment of drugs from Texas to Chicago. In short, Campos and Herrera engaged in similar violations of the law. Yet Herrera was released at 210 months and Campos has been held for 56 months longer than Herrera and counting.

Third, Campos has demonstrated rehabilitation. *See Smith*, 2024 WL 733221, at *3 (citing U.S.S.G. § 1B1.13(d)) ("[W]hile the Guidelines do not suggest that rehabilitation alone can be an extraordinary and compelling reason, they do suggest that rehabilitation 'may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted,'"); *United States v. Cirino*, 2024 WL 1636442, at *4 (D. Nev. Apr. 15, 2024) ("Though rehabilitation is not sufficient, by itself, to warrant compassionate release—it may be considered in combination with [other] circumstances [under the catch-all provision]."). As relevant, the Bureau of Prisons has classified Campos as a "minimum" recidivism risk level, Campos has earned hundreds of hours of educational and vocational credit while in prison, he has made progress through prison treatment programs where he has learned to better manage his bipolar disorder, and he has had very few disciplinary incidents following more than two decades in prison. R. 565 at 25–27.

## II.  Section 3553(a) Factors

Section 3553(a) includes the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the crime, to afford adequate deterrence, to protect the public, and to

4

provide the defendant with needed educational or vocational training; (3) the kinds of sentences available; (4) the sentencing range established in the Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; (7) and the need to provide restitution to any victims.

After considering these factors, the Court finds that compassionate release is warranted. First, the Court finds that Campos will not be a danger to the public if released. As discussed above, the Bureau of Prisons has classified Campos as a "minimum" recidivism risk level. The Court notes that Campos is now sixty years old and has served over two decades in prison. Both the amount of time spent by Campos in prison and Campos's age further support that Campos's risk of recidivism is low. *See* R. 565 at 30–31 (citing findings by the Sentencing Commission). Also as discussed above, the offense was non-violent and Campos has demonstrated rehabilitation over the past two decades in prison. Additionally, Campos has remained close with his family while in prison and has a strong support network waiting for him upon his release. Campos's brother and father have offered him a stable home in Chicago upon his release. R. 565 at 29. Campos's son is currently an M.D./Ph.D. student and writes to the Court that Campos provided significant emotional support from prison, encouraged him to refrain from criminal activity, and encouraged his current academic trajectory. R. 565-2 at 1. Finally, though Campos suffers from bipolar disorder—which was unknown and untreated at the time he engaged in the criminal activity that led to this case and at his conviction and original sentencing—Campos has made positive progress through treatment programs while in prison and his family has established treatment options for his bipolar disorder, including therapy programs University of Chicago Medicine and Rush-Presbyterian Medical Center. R. 565 at 16, 27–29.

5

Second, given that Campos has already spent 266 months in prison, the Court finds that further time in prison will not serve the goals of sentencing or provide any more deterrence than already exists. Third, the Court finds that further time in prison will exacerbate sentencing disparities between Campos and similarly situated defendants, including his co-defendants.

## Conclusion

For the reasons stated above, Campos's motion [565] for a discretionary sentence reduction is granted. The Court hereby reduces Campos's sentence to time served, plus a term of three years supervised release. By 5/1/26, the parties shall submit a proposed order to the Court to effectuate this decision.

**SO ORDERED.**                                   **ENTERED: April 28, 2026**

**HON. JORGE L. ALONSO**
**United States District Judge**

6